UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
TAMISE MC LAUGHLIN; JOHNELLE GASWAY by
Tamise McLaughlin as her parent and natural guardian,
LAMEL MCLAUGHLIN by Tamise McLaughlin as his
parent and natural guardian, CHANELLE GASWAY by
Tamise McLaughlin as her parent and natural guardian;
DANIELLE MC LAUGHLIN; BARSHAUN MC LAUGHLIN;
and DANEEN REYNOLDS

               07 CV 6774 (BSJ)(DFE)
       Plaintiffs

               **COMPLAINT**

   -against-          **PLAINTIFFS DEMAND**
               **A TRIAL BY JURY**

THE CITY OF NEW YORK, a municipal corporation;
RAYMOND KELLY, New York City Police Commissioner,
individually and as a New York City Police Commissioner;
Police Officer RAMOS, individually and as a New York City
Police Officer; John and Jane Does individually and as
supervisory officers of the NYPD the identity and
number of which is unknown,

             Defendants.

------------------------------------------------------------------------ x

   Plaintiffs, Tamise Mc Laughlin for herself and as the parent and natural guardian of her minor children, Johnelle Gasway, Lamel Mc Laughlin, and Chanelle Gasway; Danielle Mc Laughlin; Barshaun Mc Laughlin; and Daneen Reynolds, by their attorney, Glenn A. Wolther, as and for their complaint allege as follows:

1. This is a civil rights action for damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1981, 1983, 1988, for violations of the Fourth and Fourteenth Amendments to the United States Constitution, and the Laws of the State of New York, against police officers and personnel of the Police Department

of the City of New York ("NYPD") and the City of New York.

## Jurisdiction & Venue

2.  Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(a)(3), and the pendant and supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 367, to entertain claims arising under state law.

3.  Pursuant to 28 U.S.C. § 1391(b)(2), venue is properly laid in this District in that the defendant City of New York resides within this district, and defendant Kelly's office is within this district.

4.  Jurisdiction to grant a declaratory judgment is conferred by 28 U.S.C. §§ 2201-2202. Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure. An award of costs and attorneys fees is authorized pursuant to 42 U.S.C § 1988.

5.  On or about July 27, 2006, Notices of Claim were timely served upon defendant City of New York.

6.  More than thirty days have passed since service of the Notices of Claim, and adjustment or payment thereof have been neglected.

**Parties**

7. Plaintiff, Tamise Mc Laughlin, a black female, is a resident of New York City and the mother and natural guardian of the infant plaintiffs, Johnelle Gasway, Lamel McLaughlin, and Chanelle Gasway.

8. Plaintiff, Danielle McLaughlin, a black female infant, is 18 now--years-old, and is a resident of New York City. At all times relevant herein she was 17 years old.

9. Plaintiff, Johnelle Gasway, a black female, is 15 years-old, and is a resident of New York City.

10. Plaintiff, Lamel McLaughlin, a black female, is 4 years-old, and is a resident of New York City.

11. Plaintiff, Chanelle McLaughlin, a black female, is 6 years-old, and is a resident of New York City.

12. Plaintiff, Barshaun Mc Laughlin, a black male, is a resident of New York City.

13. Plaintiff, Daneen Reynolds, a black female, is a resident of New York City. At all times relevant herein she was 17 years old.

14. At all times material herein, the defendant City of New York ("NYC"), was and is a municipality, duly organized and existing under and by virtue of the laws of the State of New York. The NYPD is a non-suable subdivision of NYC and its employees are employees of NYC. The NYPD and NYC receive federal funding.

15. Upon information and belief, Raymond Kelly, was at all relevant times herein employed by NYC as the commissioner of the NYPD. He is sued both in his official and supervisory capacities.

16. Upon information and belief, Police Officer Ramos, was at all relevant times herein employed by NYC as a police officer in the Brooklyn South Narcotics Unit. Ramos is sued both in his or her official and individual capacities.

17. Upon information and belief, defendant John and Jane Does, were at all relevant times herein, employed by NYC as Police Officers and / or Supervisory Officers of higher ranks. They are sued both in their official and individual capacities, and as supervisors. Their true identity and number is presently unknown.

18. At all material times herein and in their actions described herein, all individual defendants were acting under color of law and pursuant to their authority as police officers and employees of NYC.

## Operation Off the Hook

19. The Red Hook Housing Project ("Red Hook") is a residential housing complex with over thirty buildings, each of which contains multiple residential apartments.

20. Upon information and belief, the racial composition of the citizenry of Red Hook is predominantly black.

21. As part of a large scale operation, the NYPD commenced Operation Off the Hook (the "Operation"), which involved hundreds of members of law enforcement including all John Doe, and Jane Doe defendants and Defendant Ramos.

22. Upon information and belief, on April 28, 2006, as part of the Operation, hundreds of NYPD personnel engaged in a systematic and wide-spread search of numerous apartments within Red Hook.

23. Upon information and belief, numerous individuals who were not the targets of the housing raid were improperly seized by the NYPD.

24. Upon information and belief, numerous persons who should not have been photographed and fingerprinted by the NYPD were.

25. Upon information and belief, the NYPD, which had spent over a year in its investigation leading up to the Operation, knew or should have known that the plaintiffs in this action were not the proper persons to seize.

26. Upon information and belief, the NYPD failed to adequately or reasonably plan for the volume of persons seized and this unreasonably delayed the amount of time it took people to be released.

27. Plaintiffs were detained for varying periods, all of which were unjustified and were excessive. As a result of the unreasonable seizures plaintiffs suffered, *inter alia,* a loss of their liberty and emotional injuries.

28. Upon information and belief, that planning, approval, and execution of the operation was conducted by policy making officials within the City and NYPD, including, but not limited to, Commissioner Raymond Kelly.

### The Incursion into apartment 6-B, 30 Centre Street

29. On April 28, 2006, plaintiffs, Barshaun McLaughlin, Tamise Mc Laughlin and her minor children Johnelle Gasway, Lamel Mc Laughlin, and Chanelle Gasway, as well as Danielle Mc Laughlin, who was only seventeen years-old at the time (Collectively the "Mc Laughlins") were present within their home located at 30 Centre Street, Apartment 6-B, in Brooklyn, New York ("the Apartment").

6

30. At approximately 6:50 a.m. members of the NYPD entered the Apartment. The entry was made without the plaintiffs' consent.

31. As a result of the defendants' entry into the Apartment, the plaintiffs did not feel free to leave, and, in fact, were not free to leave.

32. Upon information and belief, the defendants did not possess an arrest warrant for any the Mc Laughlin plaintiffs.

33. Tamise Mc Laughlin, Danielle Mc Laughlin, Johnelle Gasway, and Barshaun Mc Laughlin were handcuffed by the defendants.

34. Tamise Mc Laughlin, Danielle Mc Laughlin, Johnelle Gasway, and Barshaun Mc Laughlin were taken from the apartment by the NYPD members and transported to various detention and processing facilities, before eventually being taken to Kings County Criminal Court.

35. Upon information and belief, no probable cause existed to justify the arrest, prolonged detention, and processing of any of the McLaughlin plaintiffs.

36. Upon information and belief, the Mc Laughlin plaintiffs were never charged with any crime, and were never arraigned for any charges as a result of the arrests described herein.

37. Tamise Mc Laughlin was detained and continually confined for approximately 63 hours.

38. Barshaun Mc Laughlin was detained and continually confined for approximately 53 hours.

39. Johnelle Gasway was detained and continually confined for approximately 62 hours.

40. Danielle Mc Laughlin was detained and continually confined for approximately 63 hours.

41. Upon information and belief the NYPD members were aware that Johnelle Gasway, Lamel Mc Laughlin, and Chanelle Gasway; Danielle Mc Laughlin were minors.

42. Members of the NYPD assumed a duty of care over the minor children, Johnelle Gasway, Lamel Mc Laughlin, and Chanelle Gasway; Danielle Mc Laughlin as they were minors and prisoners in their custody and care.

43. Lamel Mc Laughlin, and Chanelle Gasway were separated from their mother and taken out of the apartment by the NYPD and ultimately to the police station, where they were held for several hours.

44. Plaintiffs Tamise Mc Laughlin, Danielle Mc Laughlin, Johnelle Gasway, and Barshaun Mc Laughlin were improperly photographed, fingerprinted, and detained for an extended period of time.

45. The Mc Laughlins' apartment was searched and ransacked, and their possessions left in a disorganized and disheveled manner.

46. Tamise Mc Laughlin's personal property was taken by the defendants during the course of their search and never returned.

### The Incursion into apartment 3-A, 752 Adams Street

47. On April 28, 2005 Daneen Reynolds was an invited guest at unit 3-A located at 752 Adams Street Brooklyn New York. Ms. Reynolds was only seventeen years old at the time.

48. Members of the N.Y.P.D., entered the unit and shortly thereafter handcuffed and arrested Daneen Reynolds.

9

49. As a result of the defendants' entry into the Apartment, Ms. Reynolds did not feel free to leave, and, in fact, was not free to leave.

50. Upon information and belief, the defendants did not possess an arrest warrant for Ms. Reynolds.

51. Ms. Reynolds was taken from unit 3-A by the NYPD members and transported to various detention and processing facilities, before eventually being taken to King County Criminal Court.

52. Upon information and belief, no probable cause existed to justify the arrest, prolonged detention, and processing of Ms. Reynolds.

53. Upon information and belief, Ms. Reynolds were never charged with any crime, and was never arraigned for any charges as a result of the arrest described herein.

54. Ms. Reynolds was continually confined for approximately 63 hours.

55. At the time of her arrest, the defendants were made aware that Ms. Reynolds was a minor by reviewing her identification.

56. Members of the NYPD assumed a duty of care over the minor child--Ms. Reynolds-- as she was a minor and a prisoner in their custody and care.

57. Upon information and belief, no probable cause existed to justify the arrest, prolonged detention, and processing of Ms. Reynolds.

58. Plaintiff was improperly photographed, fingerprinted, and detained for an extended period of time.

59. Ms. Reynold's personal property was taken by the defendants during the course of their search and never returned.

60. Upon information and belief, defendant Ramos was one of the NYPD members that participated in the actions taken against Ms. Reynolds.

61. Upon information and belief, plaintiffs, were improperly seized, falsely imprisoned, arrested and were improperly and unreasonably searched and seized without legal justification, reasonable suspicion and/or probable cause or a warrant.

62. The defendants' fingerprinting of the plaintiffs violated the plaintiffs' rights under §160.10 of New York Criminal Procedure Law.

63. Upon information and belief, all of the above actions were made possible by the NYC's negligent training and negligent supervision of the NYPD members. The individual defendants should have been properly trained regarding the law and procedures for: the legal bases for seizing, detaining, and/or arresting an individual, the legal basis for fingerprinting and photographing an individual, detaining minors, handling, custody, and care for the minors by, *inter alia*, ensuring that the were either arraigned or released within a reasonable period of time and ensuring that their state and federal constitutional, statutory, and common law rights were protected.

### FIRST CAUSE OF ACTION
### FEDERAL CLAIMS
### AGAINST INDIVIDUAL DEFENDANTS

64. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 63 as if repeated fully herein.

65. Upon information and belief, defendants violated, conspired to violate, and aided and abetted in the violation of plaintiffs' clearly established and well-settled federally protected rights.

66. The acts and conduct described herein deprived the plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§1981, 2000(d), and 3789(d) in violation of and 42 U.S.C. §§1981, 1983, 2000(d), 3789d(c):

    (a)    To be free of unreasonable search and seizure of their person, effects, and home by police officers acting under color of law;

    (b)    To be free from unreasonable and excessive detention;

    (c)    To be free from false arrest;

    (d)    Not to be deprived of liberty without due process of law;

    (e)    To be from a reckless investigation regarding probable cause for seizure.

    (f)    To be free from racial discrimination;

    (g)    To equal protection of the laws; and,

    (h)    To be deprived of the substantive due process right to familial association.

67. The acts and conduct of defendants described above was intentional, wanton, malicious and oppressive and/or deliberately indifferent to the rights and welfare of the plaintiffs.

68. As a direct and proximate result of the defendants' acts described above, defendants have caused plaintiffs to suffer deprivation of their liberty, emotional, humiliation, embarrassment, economic loss, lost property, and other damages.

### SECOND CAUSE OF ACTION
### FEDERAL CLAIMS
### AGAINST SUPERVISORY DEFENDANTS

69. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 68 as if repeated fully herein.

70. Upon information and belief, defendants John and Jane Does failed to supervise, monitor, train and discipline defendants Ramos and other John and Jane Does.

71. Upon information and belief, defendants John and Jane Does have shirked their duty to ensure that officers under their control, and accountable to them, do not engage in civil rights violations and unlawful conduct.

72. Upon information and belief, the acts and conduct of defendants described above was intentional, wanton, malicious and oppressive.

73. As a direct and proximate result of the defendants' acts described above, defendants have caused plaintiffs to suffer deprivation of their liberty, emotional, humiliation, embarrassment, economic loss, lost property, and other damages.

### THIRD CAUSE OF ACTION MONELL CLAIM – FOURTH and FOURTEENTH AMENDMENT

74. Plaintiffs repeat and reallege, each and every allegation contained in paragraphs 1 through 73 as if repeated fully herein.

75. Upon information and belief, the acts and conduct complained of herein resulted in part from a de facto policy or custom of the defendant City of New York and Raymond Kelly, implemented by employees of the municipal defendants, to

seize, photograph, fingerprint, and continue to detain civilians without legally sufficient justification, in a racially discriminatory manner, and fail to arraign individuals within a reasonable amount of time and in excess of 48 hours.

76. Upon information and belief, the defendants acted under pretense and color of state law and in their official capacities and within the scope of their employment.

77. Upon information and belief, said acts by said defendants were without authority in law, and were in abuse of their powers. Said defendants acted willfully, knowingly, and with specific intent to deprive plaintiff of their constitutional rights.

78. Upon information and belief, as a result of the failure of its officials to properly recruit, train, discipline and supervise its police officers, including defendants, NYC and Raymond Kelly have tacitly authorized, ratified, and been deliberately indifferent to, the acts and conduct complained of herein.

79. As a direct and proximate result of the defendants' acts described above, defendants have caused plaintiffs to suffer deprivation of their liberty, emotional, humiliation, embarrassment, economic loss, lost property, and other damages.

## FOURTH CAUSE OF ACTION
## STATE COMMON LAW CLAIMS
## AGAINST ALL DEFENDANTS[1]

80. Plaintiffs repeat and reallege, each and every allegation contained in paragraphs 1 through 79 as if repeated fully herein. reference herein.

81. It was the duty of defendants to obey the law and protect plaintiffs' rights. The defendants breached those duties and acted negligently.

82. Defendants' conduct violated, *inter alia*, New York Criminal Procedure Law §§140.20 *et seq.* and 160.10 *et seq.*

83. The acts and conduct described herein deprived the plaintiffs of their rights under the laws of the State of New York, to be free from;

    (a) False arrest,
    (b) False imprisonment,
    (c) Negligence,
    (d) Negligent care, custody, handling, and processing of a minor,
    (e) Unnecessary delay in arraignment in violation of Criminal Procedure Law §140.20(1),
    (f) Not to be fingerprinted in violation of Criminal procedure law §160.10,
    (g) Negligent training,
    (h) Negligent supervision.

---

[1] Barshaun Mc Laughlin does not assert state law claims.

84. Upon information and belief, the acts and conduct of defendants described above were intentional, wanton, malicious and oppressive.

85. Upon information and belief, individual defendants acted within the scope of their employment at times material herein, and the municipal defendant is liable under the doctrine of *respondeat superior* for the acts of its employees, agents, and those within its control.

86. As a direct and proximate result of the defendants' acts described above, defendants have caused plaintiffs to suffer deprivation of their liberty, emotional, humiliation, embarrassment, economic loss, lost property, and other damages.

**FIFTH CAUSE OF ACTION**
**STATE CONSTITUTIONAL CLAIMS**
**AGAINST ALL DEFENDANTS**

87. Plaintiffs repeat and reallege, each and every allegation contained in paragraphs 1 through 86 as if repeated fully herein.

88. Upon information and belief, defendants violated, conspired to violate, and aided and abetted in violating plaintiff's rights under, *inter alia,* Article I sections 6, 11 and 12 of the Constitution of the State of New York, the Constitutional rights to due process, equal protection, and to be free from unlawful search and seizure,

89. Upon information and belief, the acts and conduct of defendants described above were intentional, wanton, malicious and oppressive.

90. As a direct and proximate result of the defendants' acts described above, defendants have caused plaintiffs to suffer deprivation of their liberty, emotional, humiliation, embarrassment, economic loss, lost property, and other damages.

### JURY DEMAND

91. Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a trial by jury.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the individual defendants:

    (a) full and fair compensatory damages in an amount to be determined by a jury;

    (b) punitive damages in an amount to be determined by a jury;

    (c) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

    (d) such other and further relief as appears just and proper.

And the following relief against the municipal defendant and Raymond Kelly in his official capacity:

    (a) Assume jurisdiction over this matter, and grant a declaratory judgment as

pursuant to 28 U.S.C. §§ 2201, 2202 that defendants' fingerprinting and photographing of the plaintiffs violated plaintiffs' rights under § 160.10 of the New York Criminal Procedure Law;

(b)  Issue an injunction requiring defendants to expunge and destroy, all fingerprints taken in conjunction with plaintiffs' arrests along with all other records about the arrests;

(c) full and fair compensatory damages in an amount to be determined by a jury;

(d) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(e) such other and further relief as appears just and proper.


Dated: New York, New York
July 27, 2007

                BY: /s/ Glenn A. Wolther
                Glenn A. Wolther (GW-5740)

                Glenn A. Wolther
                *Attorney At Law*
                305 Broadway, Suite 1102
                New York, New York 10007
                Tel: (212) 964-2120
                Fax: (212) 964-0763
                *Attorney for plaintiff*

**RIDER TO SUMMONS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
TAMISE MC LAUGHLIN; JOHNELLE GASWAY by
Tamise McLaughlin as her parent and natural guardian,
LAMEL MCLAUGHLIN by Tamise McLaughlin as his
parent and natural guardian, CHANELLE GASWAY by
Tamise McLaughlin as her parent and natural guardian;
DANIELLE MC LAUGHLIN; BARSHAUN MC LAUGHLIN;
and DANEEN REYNOLDS

                                          Plaintiffs

                                          -against

THE CITY OF NEW YORK, a municipal corporation;
RAYMOND KELLY, New York City Police Commissioner,
individually and as a New York City Police Commissioner;
Police Officer RAMOS, individually and as a New York City
Police Officer; John and Jane Does individually and as
supervisory officers of the NYPD the identity and
number of which is unknown,

                                          Defendants.

------------------------------------------------------------------------ x