UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

TAMISE MC LAUGHLIN; JONELLE GASWAY by
Tamise McLaughlin as her parent and natural guardian,
LAMEL MCLAUGHLIN, by Tamise McLaughlin as her
parent and natural guardian, CHANELLE GASWAY by
Tamise McLaughlin as her parent and natural guardian,
DANIELLE MCLAUGHLIN; BARSHAUN and
DANEEN REYNOLDS,

**ANSWER**
07 CV 6774 (BSJ)(DFE)

JURY TRIAL DEMANDED

Plaintiffs,

-against-

THE CITY OF NEW YORK, a municipal corporation;
RAYMOND KELLY, New York City Police
Commissioner, Police Officer RAMOS, INDIVIDUALLY
AND AS A New York City Police Officer, John and Jane
Does individually and as supervisory officers of the NYPD
the identity and number of which is unknown,

Defendants.

------------------------------------------------------------------ x

Defendants City of New York, Police Commissioner Raymond Kelly, Detective Juancarlo Ramos, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiffs purport to base jurisdiction and supplemental jurisdiction their claims as stated therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to base venue of their claims as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to base relief sought in this action as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that a document purporting to be a notice of claim was served upon the Comptroller of the City of New York on July 28, 2006.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiffs claims have not been paid nor settled.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations contained in paragraph "14"; except admit the City of New York is a municipality organized under the laws of the State of New York and the New York City Police Department is a non-suable entity.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Raymond Kelly is the Police Commissioner of the New York City Police Department and was the Commissioner of the New York City Police Department on April 28, 2006, and that plaintiffs purport to sue him as stated therein.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Detective Ramos was employed by the New York City Police Department on April 28, 2006 and that plaintiffs purport to sue him as stated therein.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Paragraph "18" of the Complaint sets forth conclusions of law rather than averments of fact to which no response is required.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that there was an investigation known as "Operation Off the Hook" in which Detective Ramos worked.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that approximately 44 warrants were executed in the Red Hook section of Brooklyn on April 28, 2006.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except deny knowledge or information regarding loss of liberty and emotional injuries.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that on the morning of April 28, 2006 a search warrant was executed at 30 Center Mall Apartment 6-B, Red Hook, Brooklyn.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "28" of the Complaint; except admit the NYPD possessed a search warrant upon entering 30 Center Mall Apartment 6B.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint; except admit that the Kings County District Attorneys office declined prosecution of the McLaughlin plaintiffs.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit that the NYPD exercised a duty of care over the McLaughlin minor children.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint, except admit that apartment 6-B at 30 Center Mall was searched.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint; except admit the NYPD possessed a search warrant upon entering 752 Adams Street Apartment 3A.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegation contained in paragraph "50" of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegation contained in paragraph "52" of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegation contained in paragraph "57" of the Complaint.

58. Deny the allegation contained in paragraph "58" of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegation contained in paragraph "61" of the Complaint.

62. Deny the allegation contained in paragraph "62" of the Complaint.

63. Deny the allegation contained in paragraph "63" of the Complaint.

64. In response to the allegations set forth in paragraph "64" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "63" of this answer, as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegation contained in paragraph "68" of the Complaint, except deny knowledge or information regarding loss of liberty and emotional, economic injuries or loss of property.

69. In response to the allegations set forth in paragraph "69" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "68" of this answer, as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegation contained in paragraph "73" of the Complaint, except deny knowledge or information regarding loss of liberty and emotional, economic injuries or loss of property.

74. In response to the allegations set forth in paragraph "74" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "73" of this answer, as if fully set forth herein.

75. Deny the allegations contained in paragraph "75" of the Complaint.

76. Paragraph "76" of the complaint sets forth conclusions of law to which no response is required.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegation contained in paragraph "79" of the Complaint, except deny knowledge or information regarding loss of liberty and emotional, economic injuries or loss of property.

80. In response to the allegations set forth in paragraph "80" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "79" of this answer, as if fully set forth herein.

81. Deny the allegations contained in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Paragraph "85" of the Complaint sets forth conclusions of law to which no response is required.

86. Deny the allegation contained in paragraph "86" of the Complaint, except deny knowledge or information regarding loss of liberty and emotional, economic injuries or loss of property.

87. In response to the allegations set forth in paragraph "87" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "86" of this answer, as if fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegation contained in paragraph "90" of the Complaint, except deny knowledge or information regarding loss of liberty and emotional, economic injuries or loss of property.

91. Paragraph "91" of the Complaint sets forth a jury demand to which there is no response.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

92. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

93. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

94. Defendants Kelly, and Ramos, have not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

95. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

96. There was probable cause for plaintiffs' arrests and detention.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

97. At all times relevant to the acts alleged in the Complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

98. Plaintiffs caused or provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

99. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

100. Defendant Commissioner Kelly had no personal involvement in any incidents alleged in plaintiffs' Complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

101.  Venue in the Southern District of New York is improper pursuant to 28 U.S.C. Sections 1391 and 1404.

**WHEREFORE**, defendants City, Kelly and Ramos request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
November 13, 2007

> MICHAEL A. CARDOZO
> Corporation Counsel of the
> City of New York
> Attorney for Defendants City of New York, Commissioner Kelly and Detective Ramos,
> 100 Church Street
> New York, New York 10007
> (212) 788-1894
>
> By: _____
> DAVID M. POLLACK (DP 3873)
> Assistant Corporation Counsel

TO:  Glenn A. Wolther, Esq (By ECF)